## The Village of East Alton v. Ernest E. Franklin, by next friend.

1. VERDICT—*when not set aside as excessive.* Unless the sum fixed by the jury is so grossly excessive as to indicate prejudice, passion or sympathy, courts are not disposed to interfere.

Action on the case for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge,

presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

JOHN J. BRENHOLT, for appellant.

W. J. FRANKLIN and BURTON & WHEELER, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

Appellee, a minor, by next friend, brought this action against appellant to recover damages for injuries alleged to have been caused by the negligence of appellant, a municipal corporation. The declaration is in three counts, by which it is alleged that defendant negligently suffered and permitted one of its sidewalks to become and remain in a dangerous and unsafe condition, that the planks were rotten, broken and full of holes, and that in passing along and upon said sidewalk the plaintiff's foot was caught in a hole, causing him to fall and break his leg. It is also averred that defendant had timely notice of the dangerous condition of the walk, or by the exercise of reasonable care should have known its condition and repaired it. To this declaration defendant filed the general issue. A trial by jury resulted in a verdict and judgment in favor of plaintiff for $1,150, from which defendant appealed to this court. Numerous errors have been assigned, but in argument appellant's counsel relies chiefly upon the contention that the verdict is contrary to the manifest preponderance of the evidence. It is also contended that the verdict is excessive and complaint is made of an instruction given at the instance of appellee. It is conceded that there was evidence tending to prove the appellee's cause of action and that there was a sharp conflict of evidence upon the material allegations of the declaration. In such condition of the record as to the evidence, no error of law intervening, the verdict is conclusive, and neither the trial court, nor this court on appeal, may interfere, unless the verdict is so manifestly against the weight and preponderance of the evidence that the court may fairly say the jury was influenced

by passion, prejudice or other improper motive, or that the verdict is the result of a mistake on the part of the jury as to the bearing of the evidence on the issues tried. This proposition accords with numerous decisions of the Appellate and Supreme Courts.

Appellee when injured was a minor about three years old. While at play with other children on the sidewalk in front of his parents' dwelling in the village of East Alton, on the fourth of July, 1904, he fell and his leg was broken between the knee and the hip. It was an oblique fracture of the femur. Under treatment of a competent physician he was confined to his bed for five or six weeks. During the first two weeks the limb was held in extension by weights, and for sixteen days thereafter it was encased in plaster. The fracture healed and appellee fully recovered the use of the limb. There is no evidence of permanent disability. A number of witnesses, eight in all, testify that the sidewalk at and before the time of the injury was in bad condition, decayed, worn out and full of holes. Thirteen witnesses for appellant, some with equal opportunity to observe, testified that they saw no defects in the walk of the kind alleged and regarded it as in good condition. Nothing appears in the record to warrant the court in saying that the evidence does not preponderate in favor of appellee. Considering the opportunity of the several witnesses to observe the conditions and know the facts of which they testify, their interest, if any, in the result of the suit, and their appearance and manner while under examination, the numerical preponderance of witnesses does not necessarily determine the probative preponderance of the evidence. Several of appellee's witnesses describe the particular hole in the walk in which it is claimed appellee stepped and caught his foot. One witness, an older brother, who was present, details the circumstances attending the accident. He testifies that he saw his brother fall, went to his assistance, raised him from the walk and drew his foot from the hole where it had caught. In this he is corroborated by other witnesses. The evidence relating to the

dangerous condition of the sidewalk and the length of time it had been out of repair, if credited, warranted the finding that appellant had notice of this condition long prior to the injury. S. M. Hawkins, street commissioner from June, 1903, to May, 1904, had charge of the repairs of sidewalks. He testifies that frequent complaints were made of the condition of this walk, and that it was patched frequently during his time. He used old material to replace planks that had rotted out. This was the general condition of the walk when he left the service of the city, in May, 1904, and the evidence shows that no repairs were made afterwards. The evidence of aldermen, witnesses for appellant, that they frequently passed over this walk and were familiar with its condition, tends to prove notice and establish the negligence of the appellant within the charge of the declaration. We are not inclined to hold that the verdict is against the manifest preponderance of the evidence, nor do we think it excessive. The suffering incident to the injury, its duration and treatment is an element of damage, the allowance for which is not subject to exact computation, and unless the sum fixed by the jury is so grossly excessive as to indicate prejudice, passion, or sympathy, courts are not disposed to interfere. The question of damages in this kind of a case is peculiarly within the province of the jury. The criticism of appellee's first given instruction is without substantial merit. The judgment of the Circuit Court will be affirmed.

*Affirmed.*